UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael Avenoso, | Case No. 19-cv-2488 (WMW/DTS) |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Reliance Standard Life Insurance Company, | |
| Defendant. | |

---

This matter is before the Court on the parties' cross-motions for summary judgment. (Dkts. 17, 22.) For the reasons addressed below, Plaintiff's motion for summary judgment is granted and Defendant's motion for summary judgment is denied.

## BACKGROUND

Defendant Reliance Standard Life Insurance Company (Reliance), a Minnesota corporation, issued a long-term disability-benefits plan (the Plan) to Plaintiff Michael Avenoso through his former employer, Equinix, Inc. In 2014 and 2016, Avenoso underwent spinal fusions and back surgery to reduce his ongoing back pain. However, Avenoso continued to experience pain after the operations. After concluding that Avenoso had reached maximum medical improvement, Avenoso's surgeon referred Avenoso to a pain-management specialist who administered sacroiliac injections. These injections also failed to effectively reduce the pain Avenoso experienced.

On January 4, 2017, Avenoso submitted a claim to Reliance for long-term disability benefits.   Those insured by the Plan qualify for long-term disability benefits by demonstrating they are "Totally Disabled," defined as follows:

> that as a result of an Injury or Sickness:
> (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation; . . .
> (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of Any Occupation.  We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis.

Reliance approved Avenoso's claim for disability benefits on March 6, 2017.

On December 20, 2018, Reliance advised Avenoso that to receive disability benefits after the initial 24-month benefit period concluded on January 24, 2019, Avenoso would have to demonstrate that he could not perform the material duties of "Any Occupation," as defined by the Plan.   Reliance subsequently determined that, because Avenoso could perform sedentary work, he did not meet the "Any Occupation" standard and is ineligible for Plan benefits.  On February 1, 2019, Reliance received Avenoso's notice of appeal of the adverse claim decision, along with additional information supporting Avenoso's benefits claim.  Following the appeals process, Reliance upheld its denial of benefits, stating that its claim decision was final on August 8, 2019.

Avenoso commenced this litigation on September 10, 2019, alleging that Reliance wrongly denied him benefits under the Plan, in violation of the Employee Retirement

Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B).  Avenoso seeks a declaration from the Court that he is "disabled" under the terms of the Plan and, therefore, is entitled to all available Plan benefits.  The parties subsequently filed the pending cross-motions for summary judgment.

## ANALYSIS

### I.      Burden of Proof and Standard of Review

Summary judgment is proper when the record establishes that there is "no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute as to a material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When deciding a motion for summary judgment, a district court considers the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor.  *See Windstream Corp. v. Da Gragnano*, 757 F.3d 798, 802–03 (8th Cir. 2014).  When asserting that a fact is genuinely disputed, the nonmoving party must cite "particular parts of materials in the record" that support the assertion.  Fed. R. Civ. P. 56(c)(1)(A); *accord Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).

When, as here, an ERISA benefits plan does not require deference to the plan administrator's decision, a district court conducts a *de novo* review.  *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  Under a *de novo* review, a district court acts as the fact finder, makes credibility determinations, and weighs the evidence as applied

to the governing insurance policy.  *See, e.g.*, *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993); *Farley v. Benefit Tr. Life Ins. Co.*, 979 F.2d 653, 660 (8th Cir. 1992).  It is the plaintiff's burden to establish disability by a preponderance of the evidence within the meaning of the governing plan.  *Morgan v. UNUM Life Ins. Co. of Am.*, 346 F.3d 1173, 1177 (8th Cir. 2003); *Farley*, 979 F.2d at 658–59.

## II.      Weight of the Evidence

Avenoso argues that, because he has established by preponderance of the evidence that he is unable to perform one or more of the material duties as required under the Plan, Reliance wrongly denied him long-term disability benefits.  Reliance maintains that Avenoso is not "Totally Disabled" under the terms of the Plan.

The only type of work Reliance suggests Avenoso can perform is "sedentary work." Although the Plan does not define "sedentary work," the Department of Labor's (DOL) definition of sedentary work includes, among other things, "sitting most of the time." Avenoso's primary argument is that the back pain he experiences precludes him from sitting for most of a full workday.  As the parties jointly submitted an administrative record for the Court's review, the question is whether, based on a *de novo* review of the administrative record, Avenoso has established that it is more likely than not that he is unable to perform one or more of the material duties of "sedentary work" on a full-time basis and, therefore, is "Totally Disabled" under the terms of the Plan.  The evidence in the administrative record and respective arguments the parties present are considered in turn.

### A.      Prior Surgeries and Pain Management

Avenoso highlights his long history of back pain and multiple back surgeries as evidence that he is totally disabled under the Plan.  Reliance argues that, although numerous doctors, including a physician Reliance hired, have diagnosed Avenoso with back-related ailments, diagnoses themselves are not determinative of disability.  Rather, Reliance suggests that "objective proof of disability" is required.

A plan administrator can insist on "objective medical evidence when it is appropriate under the terms of a plan *and* the circumstances of the case." *Pralutsky v. Metro. Life Ins. Co.*, 435 F.3d 833, 839 (8th Cir. 2006) (emphasis added).[1]  Here, multiple doctors and other medical professionals have diagnosed Avenoso with numerous, primarily back-related ailments including failed back syndrome, chronic lumbar strain, lumbar radiculopathy, re-injury with disc herniation, chronic back pain due to lower back spine surgery, neurological impairment and neuropsychiatric impairment, among other diagnoses.  Although these diagnoses do not necessarily equate to a determination that Avenoso is "Totally Disabled" under the Plan, these diagnoses are helpful in determining whether it is more likely than not that Avenoso is "Totally Disabled" under the "Any Occupation" standard of the Plan.  Moreover, because the pain that Avenoso experiences as a result of his back injuries is difficult to measure, the diagnoses provide helpful insight into the nature and extent of Avenoso's injuries.  *See Pierzynski v. Liberty Life Assurance*

---

[1]      Here, the Plan requires "written proof" of "Total Disability" for the claimant to receive benefits.  The Plan, however, does not define "written proof."

*Co. of Bos.*, No. 10-14369, 2012 WL 3248238, at *4 (E.D. Mich. Aug. 8, 2012) (observing that "by its very nature, pain is subjective").[2]

Accordingly, these diagnoses weigh in favor of Avenoso's argument that he is unable to perform the material duties of any occupation on a full-time basis.

### B.   Social Security Disability Insurance

Avenoso argues that the Social Security Disability Insurance (SSDI) award is persuasive evidence that he is disabled under the Plan.  Reliance argues that the Social Security Administration's (SSA) disability determination is neither binding nor persuasive.

A disability insurance plan provider generally is not bound by the SSA's decision as to a plan participant's disability.  *Rutledge v. Liberty Life Assurance Co. of Bos.*, 481 F.3d 655, 660 (8th Cir. 2007).  Courts reviewing a plan's denial of disability benefits may consider the SSA's determination as to disability, however.  *See, e.g.*, *Riedl v. Gen. Am. Life Ins. Co*, 248 F.3d 753, 759 n.4 (8th Cir. 2001) (observing that SSA's disability determination "is admissible evidence to support an ERISA claim for long-term disability benefits").  Courts also may consider whether the plan administrator encouraged the insured to obtain benefits from the SSA.  *See, e.g.*, *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 118 (2008) (concluding that court of appeals properly analyzed insurer's conflicting

---

[2]      Reliance relies on *Sweno v. Liberty Life Assurance Co. of Bos.*, No. CIV02-376 JRT/FLN., 2003 WL 1572006 (D. Minn. Mar. 10, 2003), for support that Avenoso is not totally disabled.  But *Sweno* is inapposite.  *Sweno*, 2003 WL 1572006, at *4–6.  The *Sweno* plaintiff's claim for disability benefits turned on whether he could perform all the material and substantial duties of any occupation with "reasonable continuity," *see id.*, a phrase not implicated here.

positions as to SSA disability award and insurer abused its discretion in denying long-term disability benefits); *Sloan v. Hartford Life & Accident Ins. Co.*, 433 F. Supp. 2d 1037, 1040, 1051 n.11 (D.N.D. 2006) (observing plan administrator encouraged claimant to apply for SSDI benefits and the plan benefitted financially from SSA award).

Here, the SSA awarded Avenoso disability benefits beginning in January 2017 based on a finding that Avenoso became disabled on July 28, 2016.  Such an award could be granted only based on an administrative law judge's conclusion that Avenoso "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).  Reliance argues that the SSA might have determined that Avenoso is not disabled if the SSA had received the additional information that Reliance received.  But this argument is merely speculative.  And not only did Reliance initially advise Avenoso to apply to the SSA for disability benefits, but also Reliance *required* Avenoso to file an application for SSDI *and to appeal* an adverse decision.  If Avenoso did not agree to do so, Reliance would withhold an estimated SSDI amount from the benefits Avenoso would receive from the Plan.  Moreover, because of the favorable SSA decision, Reliance saved approximately $2,465.00 monthly for approximately two years.  As such, Reliance's positions here are seemingly inconsistent.  *See Glenn*, 554 U.S. at 118 (discussing insurer's "seemingly inconsistent positions" as to SSA disability benefits that were "both financially advantageous" to the insurer).

Therefore, the SSA's determination that Avenoso is disabled as defined by the SSA supports Avenoso's argument that he is "Totally Disabled" under the Plan.

### C.    Functional Capacity Evaluation

Reliance and Avenoso dispute the import of the Functional Capacity Evaluation (FCE) prepared by Avenoso's treating physician, Dr. Cyrus Vosough.  Reliance argues that the FCE does not provide objective evidence of disability.  Avenoso counters that the FCE is objective proof of disability.

An FCE provides " 'objective clinical evidence' regarding how a benefits claimant's medical conditions affect his or her ability to work."  *Green v. Union Sec. Ins. Co.*, 646 F.3d 1042, 1051 (8th Cir. 2011) (quoting *Gannon v. Metro. Life Ins. Co.*, 360 F.3d 211, 213 (1st Cir. 2004)) (rejecting district court's conclusion that an FCE had "limited value").  Here, the FCE states that Avenoso can sit only occasionally, he "did not demonstrate an ability to tolerate an 8 hour work day," and his "ability level would be 2-3 hours" of work at the time of the exam.  The FCE also reflects that it is unsafe for Avenoso to perform *any* lifting, carrying, or pulling, which are all material duties of sedentary work as defined by the DOL.[3]  As part of the FCE, Avenoso assembled blocks while seated at a table.  But Avenoso experienced twitching and complained of pain after 4 minutes of doing so, and the test ended at 7 minutes and 40 seconds.  On May 1, 2019, approximately three weeks after the date of the FCE, Dr. Vosough reported that Avenoso "suffers from chronic pain

---

[3]    The DOL's definition of "sedentary work" includes "the ability to exert up to 10 pounds of force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull, or otherwise move objects."

due to [a] lower back spine surgery" and concluded that Avenoso is "permanently disabled from his previous work tasks as [an] operation supervisor."  Dr. Vosough recommended that Avenoso "avoid[] lifting, bending and prolonged sitting as they may aggravate his condition."[4]

Reliance argues that, because the FCE does not conclusively determine Avenoso's physical capacity, the FCE's other determinations should be discounted.  The value of an FCE is in "objectively evaluating a person's work capacities."  *Green*, 646 F.3d at 1051.  Although the FCE did not make an ultimate determination as to Avenoso's "physical demand level," the FCE's objective evaluation indicates that Avenoso is unable to work a full workday or safely perform tasks required of sedentary work.

Therefore, the FCE supports Avenoso's argument that he is "Totally Disabled" under the Plan.

### D.    Independent Medical Examinations

The administrative record includes independent medical examinations (IMEs) from three physicians.  Each physician's examination is discussed in turn.

### 1.  Dr. Anca Bereanu

On April 20, 2018, Avenoso received a neurological evaluation from Dr. Anca Bereanu, a "certified independent medical examiner."   Although Dr. Bereanu did not

---

[4]    Reliance characterizes Avenoso's testing efforts as "inconsistent and inappropriate."  But although the FCE notes that Avenoso "demonstrated inconsistent performance while testing," the FCE also observes that Avenoso's "maximal voluntary effort" was "consistent" during testing.

directly address Avenoso's work capacity, Dr. Bereanu observed that Avenoso experienced "quite a bit of discomfort after sitting in the waiting area for about 25 minutes." Dr. Bereanu also noted that, "[d]ue to a lot of lower back distress and sharp shooting pain, [Avenoso] becomes profusely sweating [sic]." The physician also observed that Avenoso's lower extremities "have diffuse wasting of the musculature." Dr. Bereanu diagnosed Avenoso with "[f]ailed surgical back syndrome" and noted various issues with the hardware that had been surgically implanted in Avenoso's back. Dr. Bereanu also concluded that Avenoso has "chronic pain, compounded by chronic sleep dysregulation."

### 2. Dr. Cary Skolnick

On July 18, 2018, Dr. Cary Skolnick, an orthopedic surgeon, examined Avenoso. Dr. Skolnick noted that Avenoso displayed "a significant non-intention tremor throughout [his] spine and all [four] extremities" and experienced "marked paraspinous muscle spasm." Dr. Skolnick diagnosed Avenoso with chronic lumbar strain, lumbar radiculopathy and reinjury with disc herniation.

### 3. Dr. Jeffrey Liva

Finally, Reliance engaged Dr. Jeffrey S. Liva toward the end of Avenoso's benefits-appeals process. Dr. Liva's July 1, 2019 IME report notes Avenoso's prior failed surgeries, difficulty walking, and use of pain medication. Dr. Liva concluded that Avenoso had sedentary work capacity and could work for eight hours a day, 40 hours a week.

In summary, the IMEs from Drs. Bereanu and Skolnick support Avenoso's allegations of debilitating back pain, and the IME from Dr. Liva concludes that Avenoso has the ability to work on a full-time basis.

### E.    Residual Employability Analysis

Reliance argues that "[t]hrough a residual employability analysis, Reliance . . . has demonstrated that [Avenoso] possesses the physical ability and skill to perform several alternative occupations."  Avenoso disagrees.  Because all of the occupations that Reliance proffers involve prolonged sitting, Avenoso contends, these alternative occupations are incompatible with his physical abilities.

Reliance identifies no legal standard as to what role a residual employability analysis (REA) should play in the Court's analysis of whether Avenoso is totally disabled under the Plan.  The REA identifies only sedentary work for Avenoso and, consistent with the DOL's definition, the REA defines sedentary work to involve "sitting most of the time." Here, it appears that no individual involved in creating the REA personally evaluated Avenoso to independently assess *whether* Avenoso can sit most of the time or otherwise fulfill the material duties of sedentary work.[5]  *See generally Koning v. United of Omaha Life Ins. Co.*, 627 F. App'x 425, 429–30, 436 (6th Cir. 2015) (criticizing defendant's occupational analysis and medical record review, performed by individuals who did not examine or meet claimant personally, in case involving alleged back injuries and spinal

---

[5]    Although it appears that a nurse reviewed Avenoso's clinical records, the REA does not indicate that the nurse personally examined or met with Avenoso.

surgeries).  Rather, the REA's job suggestions are contingent on Avenoso being able to sit most of the time.

Therefore, the REA is minimally useful in resolving whether Avenoso is physically capable of performing all the material duties of sedentary work.

### F.    Subjective Accounts

The administrative record includes numerous letters and photographs that Avenoso submitted to Reliance through the benefits-review process.  These accounts detail Avenoso's personal experiences living with allegedly constant physical pain.  Reliance argues that these accounts should be discounted because they are "self-reported" and "lack credibility."

Courts reviewing a disability-benefits determination *de novo* have suggested that the Court may not disregard a claimant's subjective descriptions unless the Court finds the claimant lacks credibility.  *E.g.*, *Moore v. First Reliance Standard Life Ins. Co.*, No. Civ.02-1709(JNE/RLE), 2005 WL 1681059, at *5 (D. Minn. July 19, 2005); *see also Sloan*, 433 F. Supp. 2d at 1050 (finding subjective allegations of head and neck pain credible and persuasive on *de novo* review of denial of disability benefits under "any occupation" standard).  Courts also consider whether the activities a disability claimant engages in are consistent with the claimant's allegations of pain.  *See Moore*, 2005 WL 1681059, at *5 (finding claimant's complaints lacked credibility on *de novo* review because allegations of debilitating pain and fatigue were inconsistent with social activities including exercising, dining out, and vacationing in Mexico).

Avenoso's allegations of pain and resulting limitations are consistent with Avenoso's subjective accounts of his daily life.  The administrative record indicates that Avenoso moved into a one-story home to live with his daughter's family so that his extended family can assist him with daily living.  Handrails throughout Avenoso's portion of the home aid his mobility.  Avenoso reports that he has given up all hobbies, and he has not held his baby granddaughter since her birth.  Based on his accounts, the pain Avenoso experiences is so significant that, at times, he cannot sleep for days.  Additionally, his letters indicate that certain daily tasks, including showering, cause Avenoso such significant pain that he is forced to lie down after completing them for minutes and sometimes for hours.[6]  As Avenoso's subjective accounts of his day-to-day life are consistent with those experienced by someone living with significant daily pain, the Court finds his subjective accounts to be credible.  Accordingly, the Court's *de novo* review of the administrative record includes consideration of these accounts.

Because Avenoso has demonstrated that he cannot perform the material duties of any occupation on a full-time basis, the Court concludes that Avenoso is "Totally Disabled" under the Plan's "Any Occupation" standard.  Reliance erred by denying Avenoso long-term disability benefits.  Avenoso is entitled to all available benefits under the Plan.

---

[6]    Avenoso's experiences with debilitating pain are corroborated by at least one acquaintance who emailed Reliance to describe his observations.

### III.    Full and Fair Review

In light of the Court's conclusion that Reliance erred by denying Avenoso long-term disability benefits, the parties' arguments as to whether Reliance conducted a full and fair review need not be addressed.

### IV.    Attorneys' Fees and Costs

Avenoso's counsel seeks attorneys' fees and costs but provides no argument or analysis to support this request.  Therefore, the Court cannot conclude at this time whether, or in what amount, an award of attorneys' fees and costs is proper.  If Avenoso chooses to seek attorneys' fees and costs, he must file a formal motion with the relevant legal and factual support.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Plaintiff Michael Avenoso's motion for summary judgment, (Dkt. 17), is **GRANTED**.

2.    Defendant Reliance Standard Life Insurance Company's motion for summary judgment, (Dkt. 22), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  March 25, 2021                                      s/Wilhelmina M. Wright____
                                                                    Wilhelmina M. Wright
                                                                    United States District Judge